1  JONATHAN M. HERMAN (SBN 339494)
2  HERMAN LAW FIRM
   1601 Elm Street, Ste 2020
3  Dallas, Texas 75201
   Tel: (214) 624-9805
4  Fax: (469) 383-3469
5  Email: jherman@herman-lawfirm.com

6  Attorney for Defendants
7  AETNA HEALTH OF CALIFORNIA, INC. and
   AETNA LIFE INSURANCE COMPANY
8

9              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
10

11  LOS ANGELES CENTER FOR ORAL &      )  CASE NO.
    MAXILLOFACIAL SURGERY,             )
12                                     )  **NOTICE OF REMOVAL**
13                      Plaintiff      )
                                       )
14         vs.                         )  (Complaint filed in Los Angeles
15                                     )  Superior Court Case No.
    AETNA HEALTH OF CALIFORNIA INC.;)  21STCV43856)
16  AETNA LIFE INSURANCE COMPANY  )
17  AND                               )
    DOES 1 THROUGH 20, INCLUSIVE,     )  Complaint filed: Nov. 30, 2021
18                                     )
19                      Defendants    )
                                       )
20  _____)
21

22

23                    **Exhibit 3**

24

25

26

27

28

                        - 1 -

 **CT Corporation**

**Service of Process Transmittal**
12/21/2021
CT Log Number 540778205

**TO:**   Desiree Beatty
Aetna, Inc.
Law U23S, 1425 Union Meeting Road
Blue Bell, PA 19422

**RE:**   **Process Served in California**

**FOR:**   Aetna Life Insurance Company  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LOS ANGELES CENTER FOR ORAL & MAXILLOFACIAL SURGERY. vs. AETNA HEALTH OF CALIFORNIA INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV43856 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2021 at 02:02 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/21/2021, Expected Purge Date: 12/26/2021 |
| | Image SOP |
| | Email Notification,  Desiree Beatty  beattyd@aetna.com |
| | Email Notification,  Jacqueline West  westj2@aetna.com |
| | Email Notification,  Piper Taylor  plperry@aetna.com |
| | Email Notification,  Kim DePaepe  kjdepaepe@aetna.com |
| | Email Notification,  John Baka  bakaj@aetna.com |
| **REGISTERED AGENT ADDRESS:** | Amanda Garcia<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
12/21/2021
CT Log Number 540778205

**TO:**   Desiree Beatty
Aetna, Inc.
Law U23S, 1425 Union Meeting Road
Blue Bell, PA 19422

**RE:**   **Process Served in California**

**FOR:**   Aetna Life Insurance Company  (Domestic State: CT)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Dec 21, 2021

**Server Name:**                   Jimmy Lizama

| Entity Served | AETNA LIFE INSURANCE COMPANY |
|---|---|
| Case Number | 21STCV43856 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AETNA HEALTH OF CALIFORNIA INC.; AETNA LIFE INSURANCE COMPANY and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LOS ANGELES CENTER FOR ORAL & MAXILLOFACIAL SURGERY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br><br>21STCV43856 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alan Nesbit, Nesbit Law Group US LLP, 8383 Wilshire Blvd, Ste 800, Beverly Hills, CA 90211, 323-456-8605

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 12/01/2021 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>C. Monroe | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* AETNA LIFE INSURANCE COMPANY

    under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Alan Nesbit (SBN:310466)
Nesbit Law Group US LLP
8383 Wilshire Blvd, Ste 800, Beverly Hills CA 90211

TELEPHONE NO.: 323-456-8605   FAX NO. (Optional):

ATTORNEY FOR (Name): Los Angeles Center for Oral and Maxillofacial Surgery

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
LACOMS v Aetna Health of California Inc et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21STCV43856 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/30/2021

Alan Nesbit
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE: LACOMS v Aetna Health of California Inc et al | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: LACOMS v Aetna Health of California Inc et al | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: LACOMS v Aetna Health of California Inc et al | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC CIV 109 Rev. 12/18

For Mandatory Use

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: LACOMS v Aetna Health of California Inc et al | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☑ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br><br> Cedars Sinai <br> 8700 Beverly Blvd <br> West Hollywood <br> CA 90048 |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| West Hollywood | CA | 90048 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___11/30/2021___

_A. Nevik_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Dennis Landin

1 ALAN NESBIT, ESQ. [SBN 310466]
NESBIT LAW GROUP US LLP
2 8383 Wilshire Boulevard Ste 800
Beverly Hills, California 90211
3 Tel:   (323) 456-8605
Fax:   (323) 456-8601
4 Email: anesbit@nesbitlawgroup.com

5

6 Attorney for Plaintiff,
Los Angeles Center For Oral & Maxillofacial Surgery.

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF LOS ANGELES**

10

11 | LOS ANGELES CENTER FOR ORAL & MAXILLOFACIAL SURGERY., | Case No.: 21STCV43856 |

12 

13                 Plaintiff,          **LOS ANGELES CENTER FOR ORAL & MAXILLOFACIAL SURGERY'S COMPLAINT FOR:**

14                       v.

15 AETNA HEALTH OF CALIFORNIA INC.;    1. QUANTUM MERUIT; and
16 AETNA LIFE INSURANCE COMPANY and    2. BREACH OF IMPLIED CONTRACT.
17 DOES 1 through 20, inclusive,

18                 DEFENDANTS.

19

20                                      **[JURY TRIAL REQUESTED]**

21                                      Damages: UNLIMITED: Over $25,000

22

23

24

25 ///
26 ///
27 ///
28 ///

                                 1
                            COMPLAINT

Plaintiff LOS ANGELES CENTER FOR ORAL & MAXILLOFACIAL SURGERY. (hereafter referred to as "LACOMS") complains and alleges:

## GENERAL ALLEGATIONS

1.     LACOMS is and at all relevant times was a corporation organized and existing under the laws of the State of California and was and is a resident of the County of Los Angeles.

2.     LACOMS is, and at all times relevant, an entity comprised of licensed medical professionals and professional entities in good standing under the laws of the State of California, which is engaged in the business of providing patients with medical care and treatment, medications, medical devices , and other forms of healthcare services.

3.     These referenced licensed medical professionals and licensed professional entities (hereinafter collectively referred to as "Physicians") provided medical care, services, treatment, and/or procedures and services to members, subscribers and insureds of AETNA HEALTH OF CALIFORNIA INC., a California Corporation; AETNA LIFE INSURANCE COMPANY a California Corporation and DOES 1 through 20, inclusive, (hereafter referred to as ("DEFENDANTS" or "DEFENDANTS").  In providing such care, services, treatment and/or procedures, Physicians became entitled to reimbursement, payment and/or indemnification from DEFENDANTS for those services and supplies rendered.

4.     Physicians submitted their claims and billings to DEFENDANTS for payment and exhausted all administrative appeals as established by DEFENDANTS in an effort to secure payment of their fees from DEFENDANTS, however, DEFENDANTS have never provided Physicians full payment.

5.     DEFENDANTS are, and at all times relevant, were corporations established in and/or otherwise licensed to do business in and were doing business in the State of California, as medical health plan administrators and insurers. LACOMS is informed and believes that DEFENDANTS are licensed by the DMHC and/or Department of Insurance to transact the business of insurance in the State of California and

2

COMPLAINT

DEFENDANTS are, in fact, transacting the business of administrating medical health plans and/or insurance in the State of California and are thereby subject to the laws and regulations of the State of California.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20, inclusive, are unknown to LACOMS, who therefore sues said DEFENDANTS by such fictitious names. LACOMS is informed and believes and thereon alleges that each of the DEFENDANTS designated herein as a DOE is legally responsible in some manner or to some extent for the events and happenings referred to herein and legally caused injury and/or damage to LACOMS. LACOMS will seek leave of this Court to amend this Complaint to insert their true names and capacities in place and stead of the fictitiously named DOES DEFENDANTS when their names become known.

7.      At all times herein mentioned, unless otherwise indicated, DEFENDANTS were the agents and/or employees of each of the remaining DEFENDANTS, and were at all times acting within the purpose and scope of said agency and employment, and each DEFENDANTS has ratified and approved the acts of his agent. At all times herein mentioned, DEFENDANTS had actual and/or ostensible authority to act on each other's behalf in certifying or authorizing the provision of medical services; processing and administering the claims and appeals; pricing the claims; approving or denying the claims; directing each other as to whether to pay and/or how to pay claims; issuing remittance advices and explanations of benefits statements; and, making payments to LACOMS and its patients

## FACTUAL BACKGROUND

8.      This complaint arises out of the failure of DEFENDANTS to make payments due and owing to Physicians for surgical care, treatment, and procedures provided to numerous patients[1] (hereafter referred to as "Patients"), all of whom were insureds,

---

[1] For privacy reasons and to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the full names and identifying information pertaining to the patients has been withheld. This information will be disclosed to DEFENDANTS upon request.

3

members, policyholders, certificate-holders, or were otherwise covered for health, hospitalization, pharmaceutical expenses, and major medical insurance through policies or certificates of insurance issued and underwritten by DEFENDANTS. A full schedule of the Patients redacted as to Patients' names is attached and marked Exhibit 1.

9.      None of the claims and/or causes of action in this Complaint are derivative of the contractual rights of the patients. In no way does LACOMS seek to enforce the contractual rights of the patients through the patients' insurance contracts, policies, certificates of coverage, and/or any other written insurance agreements between DEFENDANTS and any patients. The claims and causes of action are based upon the relationship and interactions between the Physicians and DEFENDANTS and upon the fact that the Patients were covered by DEFENDANTS.

10.     LACOMS is informed and believes, and on such information and belief alleges, that each of the Patients were insured by DEFENDANTS either as a subscriber to coverage or a dependent of a subscriber to coverage under a policy or certificate of insurance issued and underwritten by DEFENDANTS. LACOMS is informed and believes that each of the Patients entered into a valid insurance agreement with DEFENDANTS for the specific purpose of ensuring that the Patients would have access to medically necessary treatments, care, procedures and surgeries by medical practitioners like the Physicians and ensuring that DEFENDANTS would pay for the health care expenses incurred by the Patient.

11.     LACOMS is informed and believes, and on such information and belief alleges, that DEFENDANTS received, and continues to receive, valuable premium payments from the Patients and/or other consideration from the Patients under the subject policies applicable to the Patients.,

12.     At all relevant times, the Physicians provided medically necessary and appropriate services, care, treatment, and/or procedures to Patients holding valid insurance policies or certificates issued by DEFENDANTS.

/ / /

4

COMPLAINT

13.     The Physicians have a reputation for providing high quality care, treatment, and procedures. Their charges for services are on par with the charges of other physicians in the same general area for the same procedures and/or services. The Physicians' billed charges are reasonable, usual, and customary.

14.     The Physicians who provided medical services to Patients were "out-of-network providers" who had no preferred provider contracts or other contracts with DEFENDANTS at the time that the care was rendered and/or surgeries and/or procedures were performed.

15.     It is standard practice in the healthcare industry that when a medical provider enters into a written preferred provider contract with a health plan such as DEFENDANTS, that medical provider agrees to accept reimbursement that is discounted from the medical provider's total billed charges in exchange for the benefits of being a preferred or contracted provider. Those benefits include an increased volume of business, because the health plan provides financial and other incentives to its members to receive their medical care and treatments from the contracted provider, such as advertising that the provider is "in network," and allowing the members to pay lower co-payments and deductibles to obtain care and treatment from a contracted provider. When health plans such as DEFENDANTS receive claims from in-network providers, they adjust the total charges submitted by the in-network provider and pays an agreed upon contract rate to the in-network provider.

16.     Conversely, when a medical provider, such as Physicians, does not have a written contract with a health plan such that it is an out-of-network provider, the medical provider receives no referrals from the health plan, as the health plan discourages its members and subscribers from obtaining their care from the non-contracted providers. The non-contracted provider has no obligation to reduce its charges, and is entitled to receive payment based on its billed or total charges for the services rendered (less any copayments, coinsurance amounts, or deductibles owed by the Patients). The health plan is not entitled to a discount from the medical provider's total billed charges for the

5

COMPLAINT

services rendered, because it is not providing the medical provider with the benefits of increased patient volume that results from being an in-plan or in-network provider. In such cases, when a health plan such as DEFENDANTS receives claims from the out-of-network provider for the total charges billed by the out-of-network provider and then adjusts those claims, paying only those billed charges which are in an amount equivalent to the usual and customary amount charged by similar providers rendering similar treatment in the same or similar geographical location (less copayments, coinsurance, and deductible amounts), DEFENDANTS are obligated to pay said sums in full.

17.     The Physicians were legally required to offer and render medical services, care, treatment, and/or procedures to the Patients, who were members, insureds, or subscribers of DEFENDANTS, because the services were emergent. For each of the Patient claims at issue here, the Physician did in fact provide such emergency medical services, care, treatment and/or procedures to the Patients, as required by law. Or alternatively the patient required post-stabilization care following an emergency and subject to the relevant provisions of the California Code Regs tit. 22, § 53855, subd. (a) requested authorization but no decision had been provided within the stipulated 30 minutes and therefore the request for authorization was deemed accepted. As part of Discovery relevant Explanation of Benefits will be provided showing the patient names and the relevant CPT codes that will show that each of these procedures was either emergent or post-stabilization care that had been authorized or deemed authorized. Due to HIPAA regulations such information cannot be provided without protective order. Because the medical services, care, treatment, and/or procedures rendered by the Physicians to the Patients were emergent in nature, DEFENDANTS was required by law and/or by their own contract to compensate the Physicians at usual, customary, and reasonable rates.

18.     The claims at issue in this case are comprised of claims for medical services, care, treatment, and/or procedures provided to members, insureds or subscribers of DEFENDANTS by the Physicians, for which payments were made to the Physicians

COMPLAINT

1  based upon a sum unilaterally determined by DEFENDANTS to be usual, customary,
2  and reasonable, which sums were not usual, reasonable, or customary and were far less
3  than the Physicians' billed charges.

4  19.    Medical records pertaining to the Patients medical services, care, treatment, and/or
5  procedures were provided to DEFENDANTS by the Physicians. All information
6  requested by DEFENDANTS relating to the medical services, care, treatment, and/or
7  procedure provided by the Physicians to the Patients was supplied to DEFENDANTS by
8  the Physicians.

9  20.    At all relevant times, the Physicians submitted their claims to DEFENDANTS
10  accompanied with lengthy operative reports, chart notes, and other medical records. No
11  matter whether large or small, all of the Physicians' claims are submitted using CPT
12  codes, Healthcare Common Procedure Coding System ("HCPCS"), and modifiers, as
13  necessary.

14  21.    At all relevant times, the Physicians expected to be reimbursed by DEFENDANTS
15  at the lesser of its billed charges or the then-current usual, customary, and reasonable
16  rate, which is defined by California law as follows:

17     A "usual" charge is the amount that is most consistently charged by an
18     individual physician for a given service. A "customary" charge is the
19     amount that falls within a specified range of usual charges for a given
20     service billed by most physicians with similar training and experience
21     within a given geographical area. A "reasonable" charge is a charge that
22     meets the Usual and Customary criteria, or is otherwise reasonable in
23     light of the complexity of treatment of the particular case. Under a UCR
24     Program, the payment is the lowest of the actual billed charge, the
25     physician's usual charge or the area customary charges for any given
26     covered service.

27  22.    Rather than simply pay the Physicians the lesser of their billed charges or usual,
28  customary, and reasonable rates, DEFENDANTS instead routinely and deliberately

7

COMPLAINT

1   reimbursed the Physicians' claims at below usual, customary, and reasonable levels,

2   forcing Physicians to exhaust time and energy first identifying and then appealing

3   improperly reimbursed claims.

4   23.     DEFENDANTS have failed and refused to pay any monies, benefits, insurance

5   proceeds, or make any payment to the Physicians in connection with the medically

6   necessary services, care, treatment, and/or procedures rendered to the Patients by the

7   Physicians, or have substantially underpaid benefits for such services at inappropriately

8   low rates, using illegal and/or flawed databases and systems to calculate reimbursement

9   for non-contracted providers and have failed and refused to pay the claims at usual,

10   customary, and reasonable rates.

11   24.     At all relevant times, DEFENDANTS has improperly paid the Physicians for

12   medically necessary and appropriate services rendered to DEFENDANTS' insured at

13   rates far below the billed rates, even though there was no contractual relationship or

14   preferred provider relationship between the Physicians and DEFENDANTS. For each of

15   the Patient claims at issue in this action, the Physicians provided medical services to

16   members and insureds of DEFENDANTS.

17   25.     The rates paid by DEFENDANTS were not usual, customary or reasonable, and

18   were arbitrary, capricious and inexplicable. Further, DEFENDANTS has never

19   explained how they calculated, justified, rationalized or comprised their pricing and rate

20   schedule for non-contracted, out-of-network providers, such as the Physicians.

21   26.     Often, the rates paid to the Physicians by DEFENDANTS for the exact same

22   procedure, treatment, surgery, or services were paid at different rates during the same

23   year. At other times, the Physicians were paid rates which were below what they would

24   have received had they been a preferred or in-network provider, even though such

25   volume-discounted rates would have been significantly lower than usual, reasonable,

26   and customary rates as defined by California law.

27   27.     The California Department of Managed Health Care has adopted regulations that

28   define the amount that health care service plans such as DEFENDANTS are obligated to

8

COMPLAINT

pay non-contracted providers such as the Physicians. These regulations provide a methodology for determining the rate to be paid to out-of-network emergency room providers:

> For contracted providers without a written contract and non-contracted providers . . . the payment of the **reasonable and customary value** for the health care services rendered based upon statistically credible information that is updated at least annually and takes into consideration: (i) the provider's training, qualifications and length of time in practice; (ii) the nature of the services provided; (iii) **the fees usually charged by the provider; (iv) prevailing provider rates charged in the general geographic area in which the services were rendered;** (v) other aspects of the economics of the medical provider's practice that are relevant; and (vi) and unusual circumstances in the case.

28 Cal. Code Regs. Section 1300.71(a)(3)(B) (Emphasis added). These definitions are the same criteria used by California Courts to determine the *quantum meruit* amounts that should be paid for services rendered by non-contracted providers by insurers in California.

28.     Based upon these criteria, the Physicians' charges are reasonable and customary. The Physicians charged DEFENDANTS the same fees that they charge all other payers.

29.     LACOMS is informed and believes that DEFENDANTS relied upon and utilized a flawed database to make pricing determinations for the claims submitted by the Physicians on behalf of the Patient. DEFENDANTS utilized that flawed database as a primary source of data upon which it based its pricing determinations, even though DEFENDANTS knew that the data cannot and should not be used for that purpose. DEFENDANTS was fully aware that its database was not properly designed to determine usual, customary and reasonable reimbursement amounts.

30.     LACOMS is informed and believes and thereon alleges that DEFENDANTS's system for paying out-of-network claims is flawed, that DEFENDANTS improperly manipulates the data in its systems to underpay out-of-network medical provider claims, and that DEFENDANTS'S systems and methods for calculating such rates violate California law. DEFENDANTS has used flawed databases and systems to unilaterally

9

COMPLAINT

1  determine what amounts it pays to medical providers and has colluded with other
2  insurers to artificially underpay, decrease, limit, and minimize the reimbursement rates
3  paid for services rendered by non-contracted providers. The issue of flawed database
4  has been investigated by the U.S. Congress and New York Attorney General and has
5  been the source of numerous lawsuits and class action suits filed in connection with the
6  databases utilized (known as Ingenix).

7  31.    LACOMS is informed and believes that there are a number of inherent flaws in
8  DEFENDANTS's database, which make that database invalid and inappropriate for
9  setting usual, customary and reasonable rates. Among other flaws, DEFENDANTS's
10  database:

11      a.  Does not determine the numbers or types of providers in any geographic
12         area;

13      b.  Does not determine the actual types of procedures performed within a
14         geographic area;

15      c.  Collects charge data which is not representative of the actual number of
16         procedures performed within a geographic area;

17      d.  Does not collect sufficient data to enable its users to determine whether the
18         data reflects the charges of providers with any particular degree of expertise
19         or specialization;

20      e.  Does not collect sufficient provider-specific data to enable its users to
21         determine whether the charges are from one provider, from several
22         providers, or from only a minority subset of the providers in a geographic
23         area;

24      f.  Fails to compare providers of the same or similar training and experience
25         level and, instead, combines and averages all provider charges by procedure
26         code without separating the charges of physicians and non-physicians;

27      g.  Does not collect patient specific information such as age or medical history
28         or condition;

10

h. Does not ascertain the most common charge for the same service or comparable service or supply;

i. Does not determine the place of service or type of facility;

j. Does not collect sufficient data to enable it or its users to determine an appropriate medical market for comparing like charges;

k. Combines zip codes inappropriately, and uses zip codes instead of appropriate medical markets;

l. Fails to compare procedures that use the same or similar resources (and other costs) to the provider but, rather, indiscriminately combines all provider charges by procedure code without regard to such factors;

m. Fails to compare procedures of the same or similar complexity by, among other things, failing to record or account for CPT code modifiers;

n. Does not use appropriate statistical methodology;

o. Does not properly consider charging protocols and billing practices generally accepted by the medical community or specialty groups;

p. Does not properly consider medical costs in setting geographic areas;

q. Lacks quality control, such as basic auditing, to ensure the validity, completeness, representativeness, and authenticity of the data submitted;

r. Is subject to pre-editing by data contributors;

s. Reports charges that are systematically skewed downward;

t. Uses relative values and conversion factors to derive inappropriate usual, customary and reasonable amounts;

u. Uses a methodology that does not comply with DEFENDANTS'S contractual definition of usual, customary and reasonable; and,

v. Purports to be confidential and/or proprietary, which prevents access to, and scrutiny of, the data by members of their employers.

32.      These and other flaws render DEFENDANTS'S use of its data system invalid and unlawful for determining usual, customary and reasonable rates. By systematically and

11

COMPLAINT

typically making usual, customary, and reasonable rate determinations without compliant and valid data to substantiate its determinations, DEFENDANTS have breached their obligations to reimburse Physicians for out-of-network services. Accordingly, all past usual, customary, and reasonable rate determinations based on DEFENDANTS' data system should be overturned.

33.     DEFENDANTS used other improper pricing methods to reduce reimbursement to out-of-network providers. Accordingly, DEFENDANTS violated, and continues to violate, its legal obligations to Physicians to pay usual, customary and reasonable rates of reimbursement for services rendered to the Patients, insureds, subscribers, and members.

34.     DEFENDANTS have received claims from the Physicians for a number of years. As such, DEFENDANTS knew the rates that the Physicians charged for various services. Moreover, DEFENDANTS knew or should have known the amounts charged by other medical providers for medical services, care, and treatment, since it had received, reviewed and processed, numerous claims prior to processing the claims at issue in this litigation. It is standard practice in the healthcare industry for medical providers (whether in-network or not) to submit claims and bills showing the total charges to health plans such as DEFENDANTS and for DEFENDANTS to price those claims, based either upon the total charges or the contractual rates offered to network providers.

35.     The Physicians have also been disparaged by the pervasive under-reimbursement scheme. When a patient refers to his/her evidence of coverage documents promulgated by DEFENDANTS, he/she is led to believe that when he/she seeks out-of-network care their charges will be paid by DEFENDANTS at the "usual and customary rate" of similar physicians for a similar service in a similar area. When a patient obtains out-of-network treatment from providers such as the Physicians and the provider submits the bill to the insurer, a patient learns for the first time that he/she will not be fully reimbursed because the doctor's charges are alleged by DEFENDANTS to exceed the

12

COMPLAINT

1    usual and customary rate. The physician-patient relationship is undermined, as the

2    physicians have been branded as charlatans whose bills are inflated and unreasonable.

3    36.    At all relevant times, DEFENDANTS harmed the physicians by making improper

4    usual, customary, and reasonable rate and pricing determinations that reduced the lawful

5    reimbursement amounts for out-of-network providers without valid or compliant data to

6    support such determinations. DEFENDANTS further harmed the Physicians by

7    misapplying in-network policies to out-of-network provider claims, and by delaying

8    payments to out-of-network providers under the pretext of negotiation. As a result of

9    these actions, the Physicians were financially harmed and forced to exhaust significant

10   time and resources appealing DEFENDANTS's unlawful determination through a

11   process deliberately designed to deny, delay, and impede out-of-network physician

12   providers from obtaining their rightful reimbursement.

13   37.    Upon information and belief, DEFENDANTS used and continues to use flawed

14   database data, among other sources, to understate the true market rates of medical care

15   performed by out-of-network providers. The improper use of this data has caused both

16   patients and out-of-network providers to experience significant losses. Patients are

17   harmed because payers like DEFENDANTS are not reimbursing out-of-network

18   services at appropriate levels, which results in out-of-network providers increasingly

19   billing their patients for amounts charged, which exceed the amounts DEFENDANTS

20   covers. Out-of-network providers like Physicians are harmed because they are not

21   always able to collect these balances from patients and are forced to take a loss for their

22   services. Moreover, because out-of-network providers are often unaware of the scheme

23   that results in payers like DEFENDANTS failing to pay appropriate usual, customary

24   and reasonable rates, they are either powerless to appeal any such improper

25   determinations or their efforts to appeal these determinations are futile. DEFENDANTS,

26   by contrast, benefits from paying out-of-network providers at below market rates. If, for

27   example, out-of-network providers fail to realize that the scheme is the cause of their

28   underpayment, DEFENDANTS has unlawfully retained money which otherwise

13

1  belongs to the Physicians for the services provided. DEFENDANTS' ambiguity

2  regarding its method for calculating usual, customary and reasonable rates reflects its

3  participation in this deceptive practice.

4  38.     DEFENDANTS' explanation of benefit statements were initially uninformative,

5  false, and misleading regarding the use of usual, customary, and reasonable rates. This

6  ambiguity has resulted in the inconsistent application of usual, customary and

7  reasonable rates to deny Physicians their lawful reimbursement. Usual, customary, and

8  reasonable rates should be applied consistently by DEFENDANTS, but instead are

9  selectively used to deny or diminish lawful reimbursement to Physicians and other out-

10  of-network providers.

11  39.     The Physicians' explanation of benefits and remittance advices received from

12  DEFENDANTS often state that their billed charges purportedly exceed the usual,

13  customary, and reasonable rate for the geographic area where the services were

14  performed. However, nowhere on the explanation of benefit statements, remittance

15  advices, or elsewhere in any other correspondence sent to the Physicians do

16  DEFENDANTS discuss or identify how they actually calculate usual, customary, and

17  reasonable rates. The Explanation of Benefit statements do not even specify whether

18  database data or some other methodology was used in these calculations. Instead, the

19  explanation of benefit statements plainly state that the rates have been determine by

20  DEFENDANTS. With its methods for calculating usual, customary, and reasonable

21  rates shrouded in a veil of secrecy, DEFENDANTS have been able to derive improper

22  rates using faulty data and apply them to out-of-network providers such as the

23  Physicians.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

14

COMPLAINT

# FIRST CAUSE OF ACTION
# FOR QUANTUM MERUIT
# (AGAINST ALL DEFENDANTS)

40.     Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

41.     As required by law (because the medical services provided were emergency services), the Physicians provided surgeries, procedures, medical treatments, and other medical services to the Patients, thereby benefitting DEFENDANTS and their insured Patients.

42.     DEFENDANTS have failed and refused to pay the Physicians the appropriate amounts incurred by the Physicians in rendering medical services, care, treatment, and/or procedures to the Patients, have underpaid those costs and have failed and refused to pay the usual, reasonable, and customary costs of those services.

43.     At all times herein mentioned, DEFENDANTS were required by law to pay usual, reasonable, and customary rates for the emergency care provided by the Physicians to the Patients, who were members or subscribers of DEFENDANTS. California Health and Safety Code § 1371.4; *Bell v. Blue Cross*, 131 Cal.App.4th 211.
Alternatively, Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, and based on the circumstances of the parties' relationship to one another, the services furnished by Physicians were furnished at the implied request and/or insistence of the DEFENDANTS on behalf of the Patients.

44.     DEFENDANTS is required to reimburse the Physicians at a *quantum meruit* rate for all services rendered to the enrollees, the Patients. The *quantum meruit* amount owed by DEFENDANTS to the Physicians is determined according to the customary charges that would be billed by the Physicians and/or other physicians in the absence of preferred provider or participating provider contractual rates. Based upon Patient or Hospital's request that the Physicians render treatment, surgeries, procedures and medical services to the Patient, and the fact that DEFENDANTS was benefitted by the

15

1    provision of such services by the Physicians, an obligation on the part of

2    DEFENDANTS to make restitution to the Physicians arose.

3    45.    In *Regents of the University of California v. Principal Financial Group*, 412

4    F.Supp.2d. 1037, 1042 (N.D. Cal. 2006), the federal trial court held that California law

5    no longer requires that a DEFENDANTS be benefitted in order for a *quantum meruit*

6    claim to lie.  It found that: In *Earhart v. William Low Company*, 25 Cal.3d. 503, 511,

7    158 Cal.Rptr. 887, 600 P.2d. 1344 (1979), the California Supreme Court abrogated the

8    common law requirement that there be benefit to the DEFENDANTS in a *quantum*

9    *meruit* claim, noting "that performance of services at another's behest may itself

10   constitute 'benefit' such that an obligation to make restitution may arise."  Thus, the fact

11   that Mr. Donner was the direct beneficiary of the medical treatment does not bar

12   plaintiff's claim." Thus the fact that DEFENDANTS' neither directly requested the

13   treatment nor were the direct beneficiary of the treatment is not a block to *quantum*

14   *meruit*.

15   46.    The *quantum meruit* rate for the medical treatment the Physicians provided to the

16   Patients is an amount to be determined at trial.  This amount represents the usual,

17   customary and reasonable cost or charge for the services rendered by the Physicians.

18   The Physicians have submitted statements to DEFENDANTS for these amounts, and

19   have made repeated demands that they be paid for the medical treatment provided to the

20   Patient at usual, customary, and reasonable rates.

21   47.    DEFENDANTS have refused to pay, and continue to refuse to pay, the Physicians

22   for the whole or any part of the sums owed to the Physicians for the treatment, surgeries,

23   procedures and medical services provided to the Patient, at usual, customary and

24   reasonable rates. Accordingly, there is now due and owing an unpaid sum, plus statutory

25   interest.

26   / / /

27   / / /

28   / / /

16

COMPLAINT

## SECOND CAUSE OF ACTION

## FOR BREACH OF IMPLIED CONTRACT

## (AS AGAINST ALL DEFENDANTS)

48.     Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

49.     LACOMS is informed and believes and thereon alleges that, at all relevant times herein, the Patients had valid policies with DEFENDANTS or were members, subscribers, insureds, or were otherwise entitled to coverage, indemnification and payment as policyholders or certificate-holders of insurance policies and certificates issued and underwritten by DEFENDANTS.

50.     LACOMS is informed and believes that the Patients obtained such policies from DEFENDANTS for the specific purposes of (1) ensuring that the patients would have access to medically necessary treatments at healthcare facilities, and (2) ensuring that DEFENDANTS would pay for the healthcare expenses incurred by the patients.

51.     DEFENDANTS knew or reasonably should have known that its insureds would seek medical treatment from the Physicians.

52.     LACOMS is informed and believes that DEFENDANTS received and continues to receive valuable premium payments from the Patients under the relevant policies of insurance.

53.     Since Physicians were required by law to treat the Patients in emergency situations, they agreed by implication to treat the Patients. DEFENDANTS, by law, were required to pay Physicians at the usual, customary, and reasonable rate for emergency services and therefore agreed by implication to pay usual, customary, and reasonable rates to Physicians. California Health and Safety Code § 1371.4; *Bell v. Blue Cross*, 131 Cal.App.4th 211.

54.     In consideration for the Physicians' implied agreement to treat the Patients, DEFENDANTS implicitly agreed to reimburse the Physicians for the expenses incurred by the Patients in the course of being treated and undergoing surgeries or procedures

17

rendered by the Physicians and agreed to pay the Physicians a usual and customary rate for those services.

55.     The Physicians provided medical treatment to the Patient. DEFENDANTS have refused to pay, and continue to refuse to pay, the Physicians for the whole or a part of the sums owed to the Physicians at appropriate rates for the treatment services provided to the Patients.

56.     As a result of the foregoing breach, the Physicians have been damaged by DEFENDANTS in the sum of $910,185.89 plus statutory interest thereon.

57.     The implied contract is implied by statute, namely the Knox-Keene Act, rather than any specific words spoken by the DEFENDANTS.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff LOS ANGELES CENTER FOR ORAL & MAXILLOFACIAL SURGERY. prays for judgment against DEFENDANTS as follows:

1.  For compensatory damages in the sum of $910,185.89, plus statutory interest;
2.  For restitution in an amount to be determined at trial, plus pre-trial and statutory interest;
3.  For such other further relief the Court deems just and appropriate.

DATED:  November 30, 2021                    Respectfully submitted,


By:  _A. Nesbit_____

ALAN NESBIT
Attorney for Plaintiff
LOS ANGELES CENTER FOR ORAL &
MAXILLOFACIAL SURGERY

18

COMPLAINT

1    <u>**DEMAND FOR JURY TRIAL**</u>

2        Plaintiff, LOS ANGELES CENTER FOR ORAL & MAXILLOFACIAL SURGERY

3    hereby demands a jury trial as provided by law.

4

5    DATED:  November 30, 2021                        Respectfully submitted,

6

7

8                                    By:    A. Nesbit

9                                           ALAN NESBIT
                                            Attorney for Plaintiff
10                                          LOS ANGELES CENTER FOR ORAL &
                                            MAXILLOFACIAL SURGERY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    19

# EXHIBIT ONE

| Patient Name | DOS | Policy No | CPT Code | Billed Amount | Paid Amount | Balance |
|---|---|---|---|---|---|---|
| D F | 5/31/2021 | W247317326 | 21462 | 88,474 | 1698.56 | 86,775.44 |
| D F | 5/31/2021 | W247317326 | 21422 | 72,647 | 448.55 | 72,198.45 |
| D F | 5/31/2021 | W247317326 | 21451 | 74,443 | 0 | 74,443.00 |
| D F | 5/31/2021 | W247317326 | 21421 | 69,886 | 0 | 69,886.00 |
| D F | 5/31/2021 | W247317326 | 12052/12011 | 40,319 | 0 | 40,319.00 |
| D F | 5/31/2021 | W247317326 | D7210 | 1,266 | 0 | 1,266.00 |
| A M | 11/21/2020 | W21752888 | 21365(62) | 72,700 | 0 | 72,700.00 |
| A M | 11/21/2020 | W21752888 | 21462 | 88,474 | 0 | 88,474.00 |
| A M | 11/21/2020 | W21752888 | 21451 | 74,443 | 0 | 74,443.00 |
| A M | 11/21/2020 | W21752888 | 21390(62) | 97,500 | 0 | 97,500.00 |
| A M | 11/21/2020 | W21752888 | 21422(62) | 72,500 | 0 | 72,500.00 |
| A M | 11/21/2020 | W21752888 | 21462(62) | 88,300 | 0 | 88,300.00 |
| A M | 11/21/2020 | W251752888 | 21422 | 72,647 | 0 | 72,647.00 |
| | | | **TOTALS** | 913,599 | 2,147.11 | 911,451.89 |

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>12/01/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV43856 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Dennis J. Landin | 51 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/02/2021 _____
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

1

2

3

4

5

6

7

8

9

10

11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING   )
FOR CIVIL                             )
                                        )
                                        )
                                        )

12

13

14

15

16

17

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

18

1) **DEFINITIONS**

19

20

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

21

22

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

23

24

25

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

26

27

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.   (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

2019-GEN-014-00

1   b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2      day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3      application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6      be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7      the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8      by 10:00 a.m. the next business day.

9   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10     electronic submission) is required for the following documents:

11     i)    Any printed document required pursuant to a Standing or General Order;

12     ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13           pages or more;

14     iii)  Pleadings and motions that include points and authorities;

15     iv)   Demurrers;

16     v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17     vi)   Motions for Summary Judgment/Adjudication; and

18     vii)  Motions to Compel Further Discovery.

19  c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20     additional documents.  Courtroom specific courtesy copy guidelines can be found at

21     www.lacourt.org on the Civil webpage under "Courtroom Information."

22 10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23  a) Fees and costs associated with electronic filing must be waived for any litigant who has

24     received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25     1010.6(d)(2).)

26  b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27     section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28     electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11) **SIGNATURES ON ELECTRONIC FILING**

2      For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                    KEVIN C. BRAZILE

11                                                           Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

       discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                       (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**  **FAX NO. (Optional):**  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**  (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____     _____
                                              JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl, Supervising Judge of the_
_Civil Departments, Los Angeles Superior Court_

-3-

ORDER PURSUANT TO CCP 1054(a)



**Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm